# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BRADLEY FELIX HILTON,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **No. 3:16-CV-2070-BF** |
| **NANCY A. BERRYHILL,** | § | |
| **Acting Commissioner of the Social Security** | § | |
| **Administration,** | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION & ORDER

Plaintiff Bradley Felix Hilton ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claims for a period of disability and disability insurance benefits under Title II of the Social Security Act pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is REVERSED and REMANDED.

## BACKGROUND

Plaintiff alleges that he is disabled due to a variety of ailments including problems with his memory and concentration, insomnia, sleep apnea, bipolar disorder, depression, pain in his neck, shoulder, and back, and chronic fatigue. Tr. 63-64, ECF No. 12-3. After his application was denied initially and on reconsideration, a hearing was held on January 19, 2015 in Dallas, Texas before administrative law judge Stanley M. Schwartz (the "ALJ") pursuant to Plaintiff's request. Tr. 53, ECF No. 12-3. Plaintiff was born on January 17, 1967, and at the time of the hearing, Plaintiff was 49 years old. Tr. 57, ECF No. 12-3. Plaintiff has two college degrees. Tr. 58, ECF No. 12-3. Plaintiff has worked in the past as respiratory therapist. Tr. 58, ECF No. 12-3. Plaintiff has not engaged in substantial gainful activity since October 4, 2014. Tr. 35, ECF No. 12-3.

The ALJ issued his decision finding that Plaintiff has not been under a disability as defined

in the Social Security Act from the alleged onset date of October 4, 2014 through the date of his decision on February 24, 2016. Tr. 45-46, ECF No. 12-3. The ALJ determined that Plaintiff's bipolar disorder was a severe impairment. Tr. 35, ECF No. 12-3. The ALJ also determined that Plaintiff had the following non-severe impairments: arthropathies, Hepatitis C, obesity, and pain in his lower back, neck, shoulders, and joints. Tr. 36, ECF No. 12-3. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 38, ECF No. 12-3.

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but with the following limitations: (1) occasionally lift or carry 20 pounds; (2) frequently lift or carry 10 pounds; (3) walk or stand for six hours in an eight-hour work day; (4) sit for two hours in an eight-hour work day; (5) no overhead bilateral reaching; (6) simple one to two step tasks for up to two hours at a time; (7) no contact with the general public; (8) no team work; and (9) incidental or occasional contact with supervisors. Tr. 40, ECF No. 12-3. The ALJ determined that Plaintiff had the RFC to perform the tasks of the following occupations: office cleaner, photocopy machine operator, and a price tagger. Tr. 45, ECF No. 12-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on May 20, 2016, the Appeals Council denied Plaintiff's request. Tr. 1, ECF No. 12-3. Plaintiff subsequently filed this action in the district court on July 18, 2016. Compl., ECF No. 1.

## LEGAL STANDARDS

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the

inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1)     an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2)     an individual who does not have a "severe impairment" will not be found to be disabled;

(3)     an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4)     if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5)     if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564.

Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL

4

2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required

only when there is a realistic possibility that the ALJ would have reached a different conclusion

absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues that the ALJ failed to give the proper weight to the opinion of his treating

psychiatrist. Pl.'s Br. 7, ECF No. 16. Plaintiff's treating psychologist Dr. Rachel Russo opined on

October 30, 2015 that Plaintiff had marked limitations in his ability to understand, remember, and

carry out short and simple instructions, and that Plaintiff was extremely limited in his ability to

understand, remember, and carry out detailed instructions. Tr. 1120-21, ECF No. 12-18. In addition,

Dr. Russo determined that Plaintiff had marked limitations in his ability to interact appropriately

with the public, supervisors, and co-workers, and in his ability to respond appropriately to work

pressures in a usual work settings and changes in a routine work setting. Tr. 1121, ECF No. 12-18.

Dr. Russo explained that Plaintiff's bipolar disorder has a significant impact on Plaintiff's

concentration and ability to complete tasks, and that although Plaintiff is under treatment for his

bipolar disorder, significant symptoms remain. Tr. 1120-21, ECF No. 12-18. The ALJ stated that

although he gave serious considerations to Dr. Russo's opinion, he determined that the opinion is

not entitled to controlling weight. Tr. 42, ECF No. 12-3. The ALJ also stated that he gave some

weight to the opinions of non-examining state agency physicians who concluded that Plaintiff does

not have work place limitations. Tr. 41, ECF No. 12-3. The Commissioner does not argue in her

response that there is controverting evidence from a treating physician, but contends that the ALJ

adequately considered the 20 C.F.R. § 404.1527(c) ("Section 404.1527(c)") factors before deciding

not to give Dr. Russo's opinion controlling weight. Def.'s Br. 3-7, ECF No. 17. Specifically, the

Commissioner points out that ALJ noted that Dr. Russo was Plaintiff's treating psychologist and that

Dr. Russo's opinion was not consistent with the record and treatment notes. Def.'s Br. 3, ECF No.

17. The Commissioner argues that the regulations only require the ALJ to "apply" the factors and

articulate good reasons for the weight given to a treating source's opinion, and that the ALJ is not

required to recite each factor as a litany in every case. Def.'s Br. 5, ECF No. 17.

In *Newton v. Apfel*, the Fifth Circuit stated the following:

[A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[(c)]. . . . This court [] holds that an ALJ is required to consider each of the § 404.1527[(c)] factors before declining to give any weight to the opinions of the claimant's treating specialist. The ALJ failed to perform this analysis, which should be conducted on remand.

*Newton v. Apfel*, 209 F.3d 448, 453-56 (5th Cir. 2000). Section 404.1527(c) states in part the

following:

(c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
(1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
(2) Treatment relationship. Generally, we give more weight to opinions from your treating sources . . . . When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.
(i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times

and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.

(ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories.

(3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.

(4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.

(5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

(6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion.

20 C.F.R. § 404.1527(c).

While the Commissioner contends that the ALJ conducted a sufficient analysis of the Section 404.1527(c) factors, *Newton* requires the ALJ to perform a detailed analysis of each of the Section 404.1527(c) factors before declining to give Dr. Russo's opinion controlling weight. *See Wilder*, 2014 WL 2931884, at *5 ("Although Dr. Rumalla examined Plaintiff, his opinions do not contradict the RFC assessments of Dr. Ruby as already discussed. Under the facts of this case, the ALJ was required to provide a detailed analysis of the six factors."); *Gittens v. Astrue*, 3:04-CV-2363-L, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008) ("The court [] finds that the ALJ had a duty to explain why these medical opinions from a treating physician were rejected and to conduct the analysis required by 20 C.F.R. § 404.1527[(c)]"). Without an articulation of a detailed analysis of the Section 404.1527(c) factors, the Court is uncertain as to whether the ALJ would have come to a different conclusion had he given more consideration to Dr. Russo's opinion. Upon consideration of the

foregoing, the Court concludes that the ALJ's decision is not supported by substantial evidence. *See Wilder*, 2014 WL 2931884, at *6 ("On the record before it, the Court cannot say that the failure to conduct the detailed analysis is harmless error. Had the ALJ conducted that analysis, there is a realistic possibility that he would have given greater weight to the opinions of the treating physician."). Because the Court finds that reversal is warranted for the reasons discussed, the Court pretermits consideration of Plaintiff's alternative ground for reversal as he can raise it on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## CONCLUSION

For the reasons stated above, the final decision of the Commissioner is REVERSED and REMANDED.

SO ORDERED, this 1st day of May, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE